# EXHIBIT B

ORIGINAL

EXECUTION COPY

## FIRST LEASE AMENDMENT

This amendment (this "Amendment") is entered into as of April 30 2014, by and between **STONEHAM MILFORD, LLC**, with offices located at c/o Stonemar Realty Management, LLC, 32 Union Square East, Suite 1100, New York, NY 10003 ("Landlord") and **WALTER KOSTRZEWSKI**, an individual doing business as "Comfortable Care Dentistry" with offices located at 203 Cherry Street, Milford, CT 06460 ("Tenant").

### RECITALS:

A. Landlord and Tenant entered into that certain lease agreement, dated as of April 1, 2011, together with any and all amendments, modifications, addendums, exhibits and attachments thereto (the "Lease") for the lease of Space 4 within the real property and improvements known as the Milford Plaza Shopping Center, located at 143, 199 and 155-213 Cherry Street, Milford, CT 06460 and as further described on Exhibit "A" of the Lease (the "Premises").

B. Tenant has defaulted on its obligation to pay Rent for the Premises and hereby acknowledges that as of April 1, 2014 the amount due and owing to Landlord was $79,011.13, comprised of Rent arrears in the amount of $41,720.35, initial late fees of $5,000.00, additional late fees of $30,350.00, and interest of $1,940.78, not including legal fees and expenses.

C. Landlord acknowledges that it received $5,066.80 from Tenant after April 1, 2014, thereby reducing the total amount due to Landlord as of the date hereof to $73,944.33 (the "Stipulated Amount"), not including legal fees and expenses, and the Rent arrears to $36,653.55 (the "Rent Arrears").

D. Landlord has agreed to waive late fees and interest, provided that Tenant makes payments of its Rent and Rent Arrears as stated below.

E. Tenant desires to change its Trade Name from "Comfort Dental" to "Comfortable Care Dentistry".

F. Any capitalized terms used in this Amendment and not defined herein shall have the meaning set forth in the Lease.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements provided for herein, and other good and valuable consideration received, Landlord and Tenant agree as follows:

1. All of the recitals set forth above are hereby incorporated by reference into this Amendment.

2. Section 1.1 (J) of the Lease shall be deleted and replaced with the following: "Tenant's Trade Name" means: "Comfortable Care Dentistry" (which trade name Tenant hereby represents and warrants it has the full right and authority and is legally entitled to use for its business as described in Section 1.1(K) of the Lease, and which trade name may not be changed for purposes of the Lease without Landlord's prior written approval. Any variation or deviation from Tenant's Trade Name expressly set forth herein shall be deemed an Event of Default under the Lease."

3. As an inducement for Landlord to enter into this Amendment, Landlord has relied on, among other things, Tenant's covenant to pay to Landlord Rent Arrears and Rent as follows until all Rent Arrears have been paid, at which time Tenant shall pay Rent as provided for pursuant to the Lease, provided, however, that all Rent payments throughout the term of the Lease shall henceforth be paid via electronic funds transfers:

    a. Tenant hereby agrees that it shall pay $4,060.65 (said amount consisting of $2,533.40 for Rent and $1,527.25 for Rent Arrears) to Landlord on the second (2nd) and fifteenth (15th) day of each month, commencing May 2, 2014 via electronic funds transfer (which payment method is a

material condition to this Amendment, and without which agreement Landlord would not have entered in to this Amendment with Tenant), TIME BEING OF THE ESSENCE.

b. In the event Tenant defaults in the aforementioned bi-monthly payments of $4,060.65 at any time, the entire balance of the Stipulated Amount, not including any legal fees and expenses, and the entire amount of the rent and/or use and occupancy and other charges due under the Lease through its expiration, shall be immediately due and payable to Landlord without reduction or offset whatsoever. This Section shall survive any termination of the Lease pursuant to its terms or otherwise.

4. Tenant hereby represents and warrants that it has not assigned, sublet, licensed or otherwise transferred any interest or estate in or to any portion of the Premises pursuant to the Lease or otherwise, or pursuant to which any third party would have a claim or interest in the Premises, and Tenant has not created or permitted any contractors liens or claims, or any other liens, claims or encumbrances to be created upon or against the Premises or the Shopping Center by Tenant or on Tenant's behalf as of the date hereof.

5. Tenant hereby covenants and agrees to hold Landlord harmless from and against any liens, claims, encumbrances, damages, demands, actions, duties, obligations, causes of actions, judgments, costs or liabilities whatsoever resulting from any violation or breach of the foregoing representations and warranties, and which representations and warranties shall survive the termination of the Lease pursuant to its terms or otherwise.

6. For good consideration, Tenant, by its execution hereof, hereby releases Landlord from any and all claims, liens, encumbrances, obligations and/or causes of action, both known and unknown, accruing or arising out of the Lease as of the date hereof.

7. Tenant agrees that all aspects of this Amendment are strictly confidential, and Tenant will not communicate the terms or any aspect to any unaffiliated person or entity (except lenders, consultants, professional advisors, or partners, in each case, only on a need to know basis), except as may be required by law or by compulsion of a court of competent jurisdiction. Tenant acknowledges that any disclosure of the terms of this transaction would cause irreparable harm to Landlord. The damages to Landlord that would result from such disclosure would be impossible to calculate. Therefore, Tenant agrees that Landlord shall be entitled to injunctive relief, in addition to monetary damages and any other remedies available hereunder, whether at law or in equity. Landlord shall further be entitled to recover its costs and fees, including reasonable attorneys' fees, incurred in obtaining any such relief and/or monetary damages.

8. Landlord and Tenant represent and warrant to the other as follows:

    a. The circumstances that any fact, estimate or assumption made in executing this Amendment (other than the assumption that this Amendment will be fully performed according to its terms) may now be, or in the future may prove to be inaccurate, unreasonable, unfounded, ill-advised, or otherwise different from that as currently perceived or set forth herein will not affect the binding nature or enforceability of this Amendment, and;
    b. This Amendment is executed and delivered without reliance upon any statement, representation, promise, inducement, understanding or agreement by or on behalf of any party hereto or on behalf of any representative or agent employed by either of them, other than the matters expressly set forth herein.

9. Landlord and Tenant agree to the following general provisions:

a. This Amendment shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.
b. This Amendment contains the entire and only agreement between the parties regarding the subject matter hereof; all courses of dealing, usage of trade and all prior representations, promises, understandings and agreements, whether oral or written, are superseded by and merged into this Amendment.
c. This Amendment shall be governed by and interpreted under the laws of the State of Connecticut.
d. This Amendment may be executed in counterparts. The signatures of the parties who sign different counterparts of this Amendment shall have the same effect as if those parties had signed the same counterparts of this Amendment.
e. The rule of construction that a document is to be construed most strictly against the party who prepared the same shall not be applied to this Amendment, it being agreed that both parties hereto have participated in the preparation of the final form of the same.

10. In the event that Tenant fails to pay the Rent Arrears as agreed to herein, the parties agree a copy of this Amendment shall be filed with the New Haven Housing Court as the agreement of the parties and its terms may be enforced as orders of the court pursuant to a Stipulated Judgment of possession in lieu of a Summary Process trial.

**IN WITNESS WHEREOF**, the parties hereto have executed this Amendment as of the date set forth above.

STONEHAM MILFORD, LLC

By: _____
Jonathan D. Gould
Managing Member

By: _____
Walter Kostrzewski, an individual d/b/a "Comfortable Care Dentistry"

STATE OF CONNECTICUT  )
                      ) ss: Milford
COUNTY OF New Haven   )

PERSONALLY came and appeared before me, the undersigned authority in and for the jurisdiction aforesaid, and while within my official jurisdiction, the within named Walter Kostrzewski, an individual d/b/a "Comfortable Care Dentistry", personally known to me who acknowledged that he signed, sealed and delivered the above and foregoing instrument of writing on the day and for the purposes therein mentioned as his own act and deed.

WITNESS MY SIGNATURE AND OFFICIAL SEAL OF OFFICE this the 24th day of April, 2014.

_____
NOTARY PUBLIC

My Commission Expires:

JOHN B SCHWARZKOPF III
Notary Public, State of Connecticut
My Commission Expires July 31, 2017

# EXHIBIT C



# State of Connecticut
# Judicial Branch

- Housing Home
- Search by Number
- Search by Party
- Search by Premises
- Court Calendar
- Attorney Cases
- Attorney Calendar
- Attorney/Firm Look-up
- Housing Help
- Housing Directory
- Housing Forms

**DOCKET SHEET**
As of: Jul 1 2016 1:32AM

The Case Look-up tool below is for summary process (eviction) cases filed in the Housing Sessions *before March 1, 2016* only.

If you are looking for a housing case (of any kind) filed in the Housing Sessions *on or after March 1, 2016*, go to the Civil/Family Case Look-up page.

## SUPERIOR COURT
## New Haven Housing Session
## Summary Process Docket

### NHSP-121491
**Stoneham Milford, LLC v Kostrzewski et al**

### CASE HEADER

**File Date** 10/23/2015     **Return Date** 10/30/2015     **Orig NTQ** 10/23/2015
**Premises** Space 4, Milford Plaza Shopping, 143,199 and 155-213 Cherry Stree, Milford CT 06460
**Status**   01/07/2016 - Active: Stayed per Court

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| **Stoneham Milford, LLC** - Plaintiff | CARROLL CURSEADEN & MOORE LLC |
| **Walter Kostrzewski** - Defendant | LAMPERT TOOHEY & RUCCI LLC |
| **Walter Kostrzewski dba Comfort Dental** - Defendant | LAMPERT TOOHEY & RUCCI LLC |
| **Walter Kostrzewski dba Comfortable Care Dentistry** - Defendant | LAMPERT TOOHEY & RUCCI LLC |

| DEFENDANT | REASONS |
|---|---|
| **Walter Kostrzewski** | Reason 1: Nonpayment of rent |
| **Walter Kostrzewski dba Comfort Dental** | Reason 1: Nonpayment of rent |
| **Walter Kostrzewski dba Comfortable Care Dentistry** | Reason 1: Nonpayment of rent |

### DOCKET ENTRIES

| Date | Text |
|---|---|
| 10/23/2015 | Writ Summons and Complaint Filed. |
| 10/23/2015 | Appearance filed by CARROLL CURSEADEN & MOORE LLC for Stoneham Milford, LLC - Plaintiff |
| 10/26/2015 | Notice Sent: Notice of Docket Number |
| 12/17/2015 | Motion for default for failure to appear, motion for judgment of possession, military affidavit. |
| 12/18/2015 | Appearance filed by LAMPERT TOOHEY & RUCCI LLC for Walter Kostrzewski - Defendant |
| 12/18/2015 | Appearance filed by LAMPERT TOOHEY & RUCCI LLC for Walter Kostrzewski dba Comfort Dental - Defendant |
| 12/18/2015 | Appearance filed by LAMPERT TOOHEY & RUCCI LLC for Walter Kostrzewski dba Comfortable Care Dentistry - Defendant |
| 12/18/2015 | Motion for default for failure to plead, and motion for judgment of possession filed. |
| 12/18/2015 | Answer and Special Defense |
| 12/22/2015 | Reply |
| 12/23/2015 | Hearing - Contested scheduled for 01/14/2016 at 09:30 AM. |
| 12/23/2015 | Notice Sent: Notice of Scheduled Hearing |
| 12/23/2015 | Exhibits A and B filed. |
| 01/07/2016 | Suggestion of bankruptcy by Walter Kostrzewski filed. |

## CALENDAR EVENTS

| Date | Session | Event |
|---|---|---|
| 01/14/2016 | Courtroom D, 3rd floor | Hearing - Contested<br>Result: Off per court |



Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | Opinions | Opportunities | Self-Help | Search | Home | Common Legal Terms | Contact Us

Copyright © 2016, State of Connecticut Judicial Branch

Contact us

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
AT BRIDGEPORT

In Re: Walter Kostrzewski d/b/a
Comfortable Care Dentistry, Debtor

STONEHAM MILFORD, LLC )   Case No. 16-50001
    Movant )
 )
VS. )
 )   Chapter 11
WALTER KOSTRZEWSKI D/B/A )
CONFORTABLE CARE DENTRISTRY )
    Respondent )
 )
 )

**AFFIDAVIT OF DEBT**

STATE OF NEW YORK

COUNTY OF _____

    I, <u>Eric Searcy</u>, being duly sworn according to law, depose and say:

    1.    I am authorized to sign this affidavit as the Accounts Receivable Manager of Stonemar Realty Management, LLC that maintains the accounting records of STONEHAM MILFORD, LLC (STONEHAM).

    2.    Stonemar Realty Management, LLC maintains records for the lease agreement that is the subject of this action. As part of my job responsibilities for Stonemar Realty

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR. PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.

Management, LLC, I am familiar with the types of records Stonemar Realty Management, LLC, maintains on behalf of STONEHAM in connection with the lease agreement.

3. I have personal knowledge of the facts in this affidavit based upon a review of STONEHAM's business records, and the information in this affidavit is taken from STONEHAM's business records. I have personal knowledge of Stonemar Realty Management, LLC's procedures for creating the records maintained by Stonemar Realty Management, LLC on behalf of STONEHAM in connection with the lease. They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) made and kept in the usual and ordinary course of Stonemar Realty Management, LLC and STONEHAM's regularly conducted business activities; and (c) created by Stonemar Realty Management, LLC and/or STONEHAM as regular practice.

4. I have reviewed the portion of STONEHAM's business records that reflect the amounts due under the lease. They show Walter Kostrzewski d/b/a Comfort Dental defaulted, and the business records show amounts due pursuant to the Lease through September 16, 2016 are due and unpaid. The amounts total $236,290.13 exclusive of attorney's fees and costs.

5. It is requested that this court take judicial notice that there are no setoffs or counterclaims applicable to this debt.

NOTARIZED SIGNATURE PAGE IMMEDIATELY FOLLOWING

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR. PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.

_____
Printed Name: Eric Searcy
Title: Accounts Receivable Manager
Date: 9/23/16

Sworn to and subscribed before me on the 23RD day of SEPTEMBER, 2016 by

ERIC SEARCY.

(NOTARY SEAL)                           _____
                                        Signature of Notary Public

WYKEITHIA SMALLS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SM6335153
Qualified In New York County
My Commission Expires 01-04-2020

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR. PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.