## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | No.  16-50001 |
| Walter Kostrzewski | ) | Chapter 11 |
| Debtor | ) | |
| Judith Jalbert Kostzrewski | ) | |
| Movant | ) | |
| Vs. | ) | |
| Walter Kostrzewski | ) | |
| Respondent | ) | October 21, 2016 |

### MOTION FOR RELIEF FROM ORDER REGARDING
### PAYMENT OF DOMESTIC SUPPORT OBLIGATION

Pursuant to Fed. R. Bankr. Pro. 9023, Debtor hereby moves for relief from the order

entered by this Court on August 23, 2016 (Doc. Id. No. 150) regarding payment of Movant's

domestic support obligation as follows:

1.        Movant is Debtor's ex-spouse.  In June of 2016, she moved for relief from the

then current temporary payment alimony order of $6,500.00 per month.

2.        Largely in part because she did not properly notify Debtor of the pendency of the

hearing, same Motion was granted on June 27, 2016, increasing Debtor's monthly alimony

payment to $13,458.00, an amount that basically consumes his entire monthly income.

3.        On July 6, 2016, Respondent moved to modify the alimony payment order in

Superior Court.  Should this motion be granted, and the alimony award modified downward, it

will relate back to the July 6, 2016 filing date.

4.      On July 11, 2016, Movant moved to enforce the June 27, 2016 modification order

in this Court.

5.      At the hearing on that matter on August 18, 2016, the parties and the Court

discussed that the hearing on Debtor's motion to modify was set for a hearing date of September

26, 2016 in Superior Court.

6.      On August 23, 2016, Court entered an order granting Movant's motion to enforce

the modification order stating, in part, as follows:

> ORDERED, that on or before August 31, 2016, the Debtor shall pay $5,000 to
> Ms. Kostrzewski on account of his post-petition domestic support obligations; and
> it is further
>
> ORDERED, that on or before September 19, 2016, the Debtor shall pay an
> additional $5,000 to Ms. Kostrzewski on account of his post-petition support
> obligations; and it is further ORDERED, that on or before October 24, 2016, the
> Debtor shall be current on all post-petition domestic support obligations; and it is
> further
>
> ORDERED, that the amounts to be paid pursuant to this order are in addition to
> the payment of the Debtor's post-petition domestic support obligations
> established in the temporary order issued by the Connecticut Superior Court on
> September 24, 2015, prior to the upward modification granted on June 27,
> 2016….

7.      The Superior Court continued the September 26th hearing on Debtor's motion to

modify to October 11th because Movant had not timely submitted her financial affidavit.

8.      On September 12, 2016, Movant filed a motion for clarification of the August 23rd

order in this Court, which was set for hearing on October 11th, the same day as the hearing on

Debtor's motion to modify in Superior Court.

9.      Debtor offered to continue the hearing in this Court so that Movant could attend

the Superior court hearing.  Movant declined, and on October 11th attended the hearing in this

Court on her motion for clarification, rather than attend Superior Court so that Debtor could

proceed on his motion for modification.

10.    This Court continued the hearing on the motion for clarification to October 25,

2016.  Despite Debtor's request to expedite the continued hearing on the modification, the

Superior Court recently continued same to November 7th, after the October 24 terminal date on

the August 23, 2016 Order.

11.    By requiring Debtor to be current on post-petition obligations by October 24th, the

Court obviously drafted the August 23, 2016 Order to give Respondent the opportunity to have

the June 29th alimony order modified on the then scheduled hearing date of September 26th.  But

Respondent has thwarted Debtor's efforts to have the Superior Court hear that motion, both by

not being prepared to go forward on September 26th and by failing to attend the hearing on

October 11th.

12.    This Court should not countenance Movant's manipulation of the dockets of both

this Court and the Superior Court in order to manufacture a violation of the August 23rd Order,

nor, upon information and belief, did the Court contemplate she would do so when it held Debtor

must be current on all post-petition obligations by October 24th.

13.    Courts have established four grounds for a motion for a new trial and/or to alter or

amend a judgment or order under Fed. R. Bankr. Pro. 9023: (1) an intervening change in the

controlling law; (2) newly discovered evidence; (3) to correct clear legal error; and (4) to prevent

manifest injustice. Henderson v. Walled Lake Consol. Sch., 469 F. 3d 479, 496 (6th Cir. 2006);

In re Gress, 435 B.R. 520, 522-523 (Bankr. S.D. Ohio 2010); In re Mortg. Investors Corp., 136

B.R. 592, 598 (Bankr. D. Mass. 1992).

14.     In order to prevent manifest injustice, and prevent harm to the estate, the August 23rd Order should be modified to extend to November 30th, 2016 the time for Debtor to cure all post-petition arrears on domestic support obligations owing Movant, which hopefully will be sufficient time to allow the parties to attend the November 7th hearing and for the judge to render a decision on same.

15.     Debtor continues to pay Movant $6,500 per month in alimony as per the previous award.

**WHEREFORE**, the Debtor moves for relief from the August 23, 2016 Order granting Movant's motion to enforce payment of domestic support order (Doc. Id. No. 150) to allow Debtor until November 30, 2016 to cure all post-petition arrears due to Movant on account of his domestic support obligation.


**DEBTOR**


_____/s/_____
Scott M. Charmoy, Esq.    CT15889
Charmoy & Charmoy
1700 Post Road, Suite C-9
Fairfield, CT  06824-0804
(203) 255-8100
scottcharmoy@charmoy.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | ) | No.  16-50001 |
| Walter Kostrzewski | ) | Chapter 11 |
| Debtor | ) | |
| Judith Jalbert Kostzrewski | ) | |
| Movant | ) | |
| Vs. | ) | |
| Walter Kostrzewski | ) | |
| Respondent | ) | |

**ORDER ON MOTION FOR RELIEF FROM ORDER REGARDING
PAYMENT OF DOMESTIC SUPPORT OBLIGATION**

The foregoing Motion for Relief from Order Regarding Payment of Domestic Support

Obligation, having been heard before this Court, is hereby **GRANTED**, and it is further

**ORDERED**, that the August 23, 2016 order of the Court (Doc. Id. No. 150) is modified to

extend the date by which Debtor shall be current on all post-petition domestic support

obligations to Movant to November 30, 2016.