**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | ) | No. 16-50001 |
| Walter Kostrzewski | ) | Chapter 11 |
| Debtor | ) | |
| Walter Kostrzewski | ) | |
| Movant | ) | |
| Vs. | ) | |
| Judith Kostrzewski | ) | |
| Respondent | ) | January 5, 2017 |

**NOTICE OF CONTESTED MATTER RESPONSE DEADLINE**

Debtor (the "Movant") has filed a Motion for Relief from the Automatic Stay (the "Contested Matter") in the above-captioned case. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than January 19, 2017. In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, *see* 11 U.S.C. §102(1).

**MOVANT**

BY: _____/s/_____
Scott M. Charmoy, Esq.   CT 15889
Charmoy & Charmoy
1700 Post Road, Suite C-9
Fairfield, CT  06824
(203)-255-8100
scottcharmoy@charmoy.com

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | ) | No. 16-50001 |
| Walter Kostrzewski | ) | Chapter 11 |
| Debtor | ) | |
| Walter Kostrzewski | ) | |
| Movant | ) | |
| Vs. | ) | |
| Judith Kostrzewski | ) | |
| Respondent | ) | January 5, 2017 |

**MOTION FOR RELIEF FROM STAY**

Debtor/Movant hereby moves for relief from stay to allow the state court to fully adjudicate the prepetition domestic support obligation Respondent alleges as owing, as follows:

1. Debtor filed this Chapter 11 case on January 2, 2016.

2. Respondent is Debtor's ex-spouse and a creditor of Debtor.

3. As of the filing date, proceedings were ongoing in the parties divorce action, captioned <u>Kostrzewski v. Kostrzewski</u>, FST-FA10-4018873-S (the "Divorce Action") in the Connecticut Superior Court, J.D. of Stamford/Norwalk at Stamford.

4. The parties were divorced on or about August 16, 2011. The provisions of the decree provide, in part, that Movant will pay alimony on a sliding scale based on his income, and that the parties will share college tuition.

5. The decree also provides for the parties to "true up" on a yearly basis, wherein the parties will compensate each other for underpayments or overpayments, as the case may be, on their obligations under the divorce decree.

6. The parties have not performed a "true up" since the decree entered.

7. Respondent has filed a proof of claim in the amount of $559,338.53 based on prepetition domestic support obligations owing. Movant disputes this amount.

8. With the benefit of new counsel, Movant now understands that these true up calculations can reach back to the date of the decree, and thereby affect the prepetition amounts Respondent claims owing in her proof of claim.

9. Previously, on April 14, 2016, Respondent had moved for relief from the automatic stay to pursue remedies related to the divorce action. The court granted same, in part, on May 3, 2016 (Doc. Id. No. 96), allowing Respondent to proceed to determine and collect then owing and future domestic support obligations, but reserving the adjudication of the arrearage claim with this Court.

10. Movant now moves for relief from the automatics stay to allow the parties to adjudicate the Respondent's arrearage claim in state court.

11. In <u>In re Sonnax Industries, Inc.</u>, 907 F.2d 1280, 1285 (2d Cir. 1990), the Second Circuit listed a number of factors to consider in determining whether the stay should be lifted in order to permit litigation to continue in another forum:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

Sonnax, 907 F.2d at 1286.  It is recognized that "[n]ot every one of these factors will be relevant in every case."  Schneiderman v. Bogdanovich (In re Bogdanovich), 292 F.3d 104, 110 (2d Cir. 2002).

12.     Bankruptcy courts routinely grant relief from the automatic stay to continue divorce proceedings in favor of the moving spouse, so that the parties' rights can be adjudicated in state court, as these are matters in which "the state courts have a special expertise and for which federal courts owe significant deference."  In re Robbins, 964 F.2d 342, 345-346 (4th Cir. N.C. 1992); *citing* Hisquierdo v. Hisquierdo, 439 U.S. 572, 581 (1979) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' . . . State family and *family-property law* must do 'major damage' to 'clear and substantial' federal interests before the Supremacy Clause will demand that state law be overridden."); In re Heslar, 16 B.R. 329, 333 (Bankr. W.D. Mich. 1981) ("a property settlement involves an inquiry into factors regularly considered by state courts in divorce proceedings, an inquiry which I would find is best left to the state courts.")

13.     Given the true up provision, keeping Respondent's arrearage claim in this Court will unnecessarily expend the resources of the parties and the Court, as the parties will have to travel back and forth between the Superior Court and this Court to fully and completely determine their respective obligations to each other.  It is also likely to increase the likelihood of misapprehension in adjudicating these matters.

14.     Cause therefore exists to grant Movant relief from the automatic stay pursuant to §362(d)(1).

**WHEREFORE**, Movant request that he be granted relief from the automatic stay to allow the parties to adjudicate the Respondent's prepetition arrearage claim in the Divorce Action on the terms and conditions set forth in the proposed order.

**THE MOVANT**

BY: _____/s/_____
Scott M. Charmoy, Esq.    CT15889
Charmoy & Charmoy
1700 Post Road, Suite C-9
Fairfield, CT  06824-0804
(203) 255-8100
scottcharmoy@charmoy.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | ) | No. 16-50001 |
| Walter Kostrzewski | ) | Chapter 11 |
|    Debtor | ) | |
| Walter Kostrzewski | ) | |
|    Movant | ) | |
| Vs. | ) | |
| Judith Kostrzewski | ) | |
|    Respondent | ) | |

**ORDER ON MOTION FOR RELIEF FROM STAY**

Debtor/Movant's ("Movant") Motion For Relief From Stay, having been presented to this Court, and the Court having found good cause for same, is hereby **GRANTED,** and it is further **ORDERED**

That Movant and Respondent are granted relief from the automatic stay in order to proceed with the divorce action captioned <u>Kostrzewski v. Kostrzewski</u>, FST-FA10-4018873-S (the "Divorce Action") in the Connecticut Superior Court, J.D. of Stamford/Norwalk at Stamford, in all respects, including without limitation adjudicating the prepetition domestic support arrearage Respondent alleges owing in her proof of claim, claim no. 10.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | No. 16-50001 |
| Walter Kostrzewski | ) | Chapter 11 |
| Debtor | ) | |
| Walter Kostrzewski | ) | |
| Movant | ) | |
| Vs. | ) | |
| Judith Kostrzewski | ) | |
| Respondent | ) | December 30, 2016 |

## AFFIDAVIT IN SUPPORT OF MOTION

The undersigned, being duly sworn, deposes and says:

1. I am over the age of eighteen, a Connecticut resident, believe in the obligations of an oath, and make the following statements based on my own personal knowledge.

2. I make the following affidavit in support of Movants' Motion for Relief from the automatic stay:

   a. Attached hereto is a copy of the divorce decree entered in the Divorce Action referenced in the Motion.

   b. Attached hereto is a copy of the docket in the Divorce action as of January 2, 2016.

I hereby certify as to the truth of the above.

_____/s/_____
Scott M. Charmoy

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | ) | No. 16-50001 |
| Walter Kostrzewski | ) | Chapter 11 |
| Debtor | ) | |
| Walter Kostrzewski | ) | |
| Movant | ) | |
| Vs. | ) | |
| Judith Kostrzewski | ) | |
| Respondent | ) | January 4, 2017 |

**CERTIFICATION**

This is to certify that on the above date copies of the Motion for Relief from Stay, Affidavit, Proposed Order and Notice of Hearing were served by first class mail, postage prepaid, upon the list of Twenty Largest Creditors, the Taxing Authorities, and parties entitled to notice as set forth below. Parties with electronic appearances, including the United States Trustee's Office, were served pursuant to the Court's ECF/CM system.

**DEBTOR**

_____/s/_____
Scott M. Charmoy, Esq.   CT15889
Charmoy & Charmoy
1700 Post Road, Ste. C-9
Fairfield, CT  06824
(203) 255-8100
scottcharmoy@charmoy.com

## LIST OF TWENTY LARGEST CREDITORS AND TAXING AUTHORITIES

Bank of America
Attn: Pres, Gen Mgr or Acct Rep
PO Box 982235
El Paso TX 79998

American Financial Services, Inc.
Attn: Pres, Gen Mgr or Acct Rep
442 SW Umatilla Ave.
Ste 200
Redmond OR 97756

Wofsey, Rosen Kweskin & Kuriansky, LLP
Mark Henderson, Esq.
600 Summer Street
Stamford CT 06901

Norwalk Hospital
Attn: Pres, Gen Mgr or Acct Rep
34 Maple Street
Norwalk CT 06856

Judith Jalbert Kostrzewski
137 Hollow Tree Ridge Road
Apt. #303
Darien, CT 06820

Utah Valley Dental Lab, Inc.
Attn: Pres, Gen Mgr or Acct Rep
36 South 300 East
East Provo UT 84606

Edwin P. Su, MD
The Hospital for Special Surgery
535 East 70th Street
New York NY 10021

Healthstar Dental Manufacturing
Attn: Pres, Gen Mgr or Acct Rep
9 Sun Valley Court
Northport NY 11768

Maverick Dental Laboratories, LLC
Attn: Pres, Gen Mgr or Acct Rep
1615 Golden Mile Highway
Monroeville PA 15146

Jeff Slavett
Citrin Cooperman
529 Fifth Avenue
New York NY 10017

Greenwich Water Club
Attn: Pres, Gen Mgr or Acct Rep
49 River Road
Cos Cob CT 06807

Crown Linen
Attn: Pres, Gen Mgr or Acct Rep
1485 Palisado Avenue
Windsor CT 06095

Trident Dental Laboratories
Attn: Pres, Gen Mgr or Acct Rep
12000 Aviation Blvd
Hawthorne CA 90250

Cox Radio
Attn: Pres, Gen Mgr or Acct Rep
440 Wheelers Farm Rd. # 302
Milford, CT 06461-9133

Anthem Blue Cross Blue Shield
Attn: John M. Russo, Esq.
PO Box 751
New Haven CT 06473

Chase Visa
Card Member Services
PO Box 15298
Wilmington DE 15298

SMB Networks LLC
Attn: Pres, Gen Mgr or Acct Rep
451 State Street
North Haven CT 06473

Dart Dental Supply
Attn:  Pres, Gen Mgr.; or Acct Rep
105 Leeder Hill Drive
Hamden CT 06517

## PARTIES WHO RECEIVE ELECTRONIC NOTICE

Office of The United States Trustee
150 Court St.
Room 302
New Haven, CT 06510

Matthew B. Woods, Esq.
Milford City Attorney's Office
110 River Street
Milford CT 06460
For Creditor City of Milford

Paul Lewis Otzel, Esq.
Kapusta, Otzel & Averaimo
250 Broad Street
Milford CT 06460
For Creditor Stoneham Milford LLC

Maria A. Santos, Esq.
 Assistant Attorney General
CT Dept. of Revenue
P.O. Box 120
55 Elm Street, Fourth Floor
Hartford, CT 06141-0120
For Creditor State of CT, Dept. of Revenue Services

Linda St. Pierre, Esq.
Joseph Dunaj, Esq.
Hunt Leibert Jacobson PC
50 Weston St.
Hartford CT 06120
For Creditor U.S. Bank NA, as Trustee for CitiGroup Mortgage Loan Trust, Inc.

Lauren M. Nash, Esq.
Assistant U.S. Attorney
157 Church St.
New Haven CT 06510
For Creditor and Interested Party Internal Revenue Service

| | |
|---|---|
| Carmine Annunziata, Esq. | John Wayne Fox, Esq. |
| Fontaine-Alissi, PC | Curtis, Brinckerhoff & Barrett, PC |
| 750 Main St., Ste. 1600 | 666 Summer St. |
| Hartford CT 06103 | Stamford CT 06901 |
| For Creditor Fontaine Alissi PC | For Creditor Town of Darien |